IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3364-SSA-CV-S-WAK |
| | ) | |
| JOANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Terry L. Martin seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. She claims she became disabled beginning on January 1, 1997,[2] due to fibromyalgia and lower back pain. The parties' briefs were fully submitted, and on May 17, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

[2] Claimant's last insured date was December 31, 2002.

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Terry Martin was born in 1960 and obtained her General Equivalency Diploma. She previously worked as a cashier and day care provider. While her work history was somewhat sporadic, she testified that during a portion of her adult life she stayed home to care for her children and did not need to work. At other times, she desperately needed money and would work full time for a few months, but states she could not continue working full time because of her pain and fatigue. Furthermore, her testimony and records indicate that her condition worsened over time.

The Administrative Law Judge (ALJ) found that she had low back pain, fibromyalgia, and degenerative disc disease[3] that qualified as severe within the meaning of the Social Security Act. Nevertheless, the ALJ found that Martin retained the residual functional capacity to perform a limited range of light work activities. He rejected a form submitted by Dr. Paul Glynn, dated March 31, 2003, because the ALJ believed the form was based upon claimant's subjective complaints and was not supported by the objective evidence.

In this request for judicial review, Martin asserts the ALJ erred by giving insufficient weight to the opinion of her treating physicians and by failing to consider the evidence as a whole. It is the ALJ's function to resolve conflicts, if any, among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).

Although the ALJ stated that Dr. Glynn's opinions were based upon subjective complaints rather than objective evidence, the court does not find that to be the case. Dr. Glynn treated Wilson beginning in December 2000. He regularly prescribed pain medications, increasing or changing them as she reported new symptoms or side effects. He noted anxiety on her chart and eventually prescribed an antidepressant. By mid-2002, he was noting more symptoms on her chart and ordered some diagnostic testing. By the end of 2002, he diagnosed fibromyalgia in addition to her chronic back pain and depression.

Dr. Glynn's early treatment notes are not detailed and do not document what evaluations or clinical findings he made during her office visits, but do document the general reason for her visit, his conclusory impressions and the prescriptions he ordered. It is

---

[3]The records indicate that claimant has back pain associated with a lumbar fusion from L-4 to S-1 done in 1997 and spondylosthesis of the cervical spine involving C-5, 6 and 7. (Tr. 190).

3

presumed he would not have continued treating her or prescribing medications if he did not find, based upon his examinations, that she needed the medications or that she was not credible in her reported symptoms. Thus, when Dr. Glynn filled out the forms regarding what he considered to be claimant's limitations and her need to lie down or rest during the day, it was based upon his continuing treatment of her and his findings over the course of that treatment. Accordingly, the court finds that the ALJ erred in rejecting those opinions because they were not based upon his treatment notes and objective evidence.

When the record is considered as a whole, there is substantial evidence to find that claimant suffered from medically significant conditions and that the opinions of the treating and examining/consulting physicians regarding her limitations should have been given greater weight. The ALJ set forth the reasons for his findings, but did not show that Martin was not suffering or was capable of performing a full-time competitive job on a continuing and sustained basis. "For a claimant to qualify for work at any level, that claimant must have the ability to perform the tasks of employment on a daily basis." Hall v. Chater, 62 F.3d 220 (8th Cir. 1995). While the medical records do not support disability as of claimant's alleged onset date in 1997, they do support a finding of disability by November 4, 2002, when Dr. Glynn diagnosed fibromyalgia in addition to claimant's back problems.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

Dated this 26th day of May, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge